Care, ./.
The only question is, Whether Charles Gilliam, the obligee and assignor of the bond, is a competent witness to prove the usury between the obligor and assignee, alleged in the bill ? I think he is not a competent witness. I am well aware, that objections to the competency of evidence have been much narrowed by the later adjudications, and that to disqualify a witness, he must have some legal, certain and immediate interest in the result of the cause, or in the record, as an instrument of evidence. Has not this witness such an interest ? In Taylor v. Beck, we decided that an indorser might be a witness, where his evidence operated against his interest; as if he was called to prove some vice in the transaction between himself and the maker of the note, not touching the contract between himself and the holder. But here the effect of the evidence would be very different. The witness stands as obligee and assignor : he is examined to prove, that he gave no consideration for the bond; that he received none for the assignment, but was a mere instrument, in effecting an usurious loan, made by his assignee to his obligor. It is seen, at a glance, that this evidence, so far as it may avail, renders the whole transaction—the bond, the assignment, and the deed of trust, utterly void ; and thus clears the witness of his liability as assignor. *596 It is objected, however, that this is not a bill for final relief, but merely seeking to stay the hand of the trustee, till the assignee of the bond shall sue on it at law, and thus give the obligor an opportunity of pleading and proving the usury. This objection admits, in effect, that, if this were a bill for final relief, this witness could not be heard ; and very properly admits it; for he would be, by his evidence, establishing the usury, upon which the court would decree the whole transaction void, and cancel the deed, bond and assignment. But does it make any difference, as to the competency of the witness, whether this be a bill for final relief or not? If so, and we are to have the usury proved in this proceeding, by evidence which would not be heard on a bill for relief; it is carrying the principle of Marks v. Morris to a fearful extent indeed. Here is a transaction perfectly fair on its face; a bond executed, and assigned for value, and a deed of trust to secure it. A court of equity is called on to injoin the trustee, because the transaction is usurious, and to send the assignee to law to sue on his bond, for the express purpose of enabling the obligor to establish the usury, and thereby get clear of the whole debt. Before we take this strong and decisive step, must we not be well satisfied that usury has been practised ? and must not that conviction be wrought by competent disinterested testimony? Suppose a bill filed charging usury, and professing to be full handed with proof; and that the answer denies the charge, and no proof of it is produced: would we not dissolve and dismiss at once ? But between no proof, and a witness directly interested in establishing the usury, where is the difference? Surely, our minds cannot be impressed jvith the existence of usury in this proceeding, by a witness whom we would reject for his interest, if we were hearing the case finally, and who would be utterly incompetent to give evidence, in a trial at law on the bond, of which he is the obligee and assignor. The fountain is polluted at its source, and the waters cannot be pure.
The other judges concurred, and the decree was affirmed.